**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| STEVEN JUAREZ, individually, | * | |
| and on behalf of all others similarly situated, | * | |
| | * | |
| Plaintiff, | * | Civil Action No. _____ |
| | * | |
| v. | * | |
| | * | |
| GENERAL MOTORS LLC, and | * | |
| MISSION CHEVROLET, LTD., | * | |
| | * | |
| Defendants. | * | |

### NOTICE OF REMOVAL

TO:     THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS

PLEASE TAKE NOTICE that Defendant General Motors LLC ("GM") hereby gives notice of removal of the above-captioned case from the County Court at Law No. 7 for the County of El Paso, Texas to the United States District Court for the Western District of Texas pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446 and 1453.  GM does not waive and specifically reserves all rights, defenses, objections, demurrers, and exceptions under any applicable federal or state law.[1]

---

[1] GM is the defendant in the caption and was the defendant in all of the pleadings that predate the recently filed "First Amended Petition Alleging Class Action Under 28 U.S.C. § 1332(d)."  However, the amended petition also references General Motors Company as a possible defendant.  GM does not know whether the reference was error or intentional, but out of an abundance of caution, this Notice of Removal is on behalf of both GM and General Motors Company.  Whether the amended petition was intended to include either or both of them, it does not impact the removability of this case.  The references to GM throughout will include General Motors Company unless indicated otherwise.   However, GM and General Motors Company reserve all rights to argue that General Motors Company is not a proper party in this suit.

## REMOVAL PROCEDURE AND VENUE

1.    GM is a defendant in a civil action brought by plaintiff Steven Juarez ("Plaintiff") in the County Court at Law No. 7 for El Paso County, Texas styled "*Steven Juarez, individually and on behalf of all others similarly situated v. General Motors, LLC and Mission Chevrolet, Ltd.*," Cause No. 2015-DCV-3204 (the "State Court Suit").  Pursuant to 28 U.S.C. § 1446(a), copies of pleadings, process and orders that have been served on GM are attached hereto as Exhibit "A."

2.    On June 12, 2018, Plaintiff filed a "First Amended Petition Alleging Class Action Under 28 U.S.C. § 1332(d)" in the State Court Suit to allege both nationwide and Texas classes of individuals who purchased certain GM pickup trucks.  A copy of the amended State Court Suit is attached hereto as Exhibit "B."  *See* Ex. B at ¶ 32 (alleging classes)

3.    In the amended State Court Suit, Plaintiff specifically alleges that he and GM are citizens of different states, the amount in controversy exceeds $5,000,000.00 in the aggregate, exclusive of interest and costs, and the members of the proposed class exceed 100 in number. Ex. B at ¶ 10.

4.    In addition, Plaintiff asserts violations of the Magnusson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*  Ex. B at ¶¶ 37.e, 54-62.

5.    "A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants."  28 U.S.C. § 1453(b).

6.    Although consent of all defendants is not required under 28 U.S.C. 1453(b), counsel for GM has spoken with counsel for defendant Mission Chevrolet, Ltd., and Mission Chevrolet consents to this removal.

7.    In turn, § 1446(b) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

8.    The amended State Court Suit constitutes an "amended pleading … from which it may first be ascertained that the case is one which is or has become removable" under 28 U.S.C. § 1446(b)(3).  This notice of removal is filed within thirty (30) days of GM's receipt of the amended State Court Suit, which was received by and served on GM on June 12, 2018.

9.    Venue is proper in this Court since the State Court Suit was filed in County Court at Law No. 7 for El Paso County, Texas and the El Paso Division of the United States District Court for the Western District of Texas comprises the county of El Paso.  28 U.S.C. § 124(d)(3).

10.    Pursuant to 28 U.S.C. § 1446(d), GM will promptly file with the County Court at Law No. 7 for El Paso County, Texas a copy of this notice of removal and provide a copy of the same to all adverse parties.

## JURISDICTIONAL GROUNDS FOR REMOVAL

11.    The Class Action Fairness Act of 2005 ("CAFA") modified traditional diversity of citizenship jurisdiction in the context of class action lawsuits.  *See* 28 U.S.C. § 1332(d).

12.    Under CAFA, a lawsuit filed or pending in state court may be removed where: (a) the matter in controversy exceeds $5,000,000.00 (28 U.S.C. § 1332(d)(2)); (b) is a class action (*id.*); (c) any member of the class of plaintiffs is a citizen of a State different from any defendant

(28 U.S.C. § 1332(d)(2)(A)); and (d) the members of the proposed classes are in the aggregate equal to or greater than 100 (28 U.S.C. § 1332(d)(6)).

13.     The amended State Court Suit satisfies these jurisdictional thresholds.

14.     Plaintiff alleges the amount in controversy exceeds $5,000,000.00.  *See* Ex. B ¶ 10.

15.     Plaintiff alleges his suit may be maintained as a class action.  *See id.* ¶¶ 32-43.

16.     Plaintiff is a citizen of Texas.  *Id.* ¶ 11.  GM is a limited liability company.  Under CAFA, limited liability companies are treated like corporations for purposes of determining citizenship.  28 U.S.C. § 1332(d)(10).  GM is organized under the laws of Delaware and has its principal place of business in Michigan.  To the extent Plaintiff also intended to sue General Motors Company, the citizenship is the same.  General Motors Company is a corporation organized under the laws of Delaware and has its principal place of business in Michigan. Therefore, this matter satisfies the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A).

17.     Plaintiff alleges that "there are well over 100 members in the proposed class." Ex. B at ¶ 10.

18.     Thus, all the requirements of CAFA are satisfied and this Court has subject matter jurisdiction over the matter.  No exception to class action removal under CAFA is applicable to support declining jurisdiction over this matter.

## PRAYER

WHEREFORE, Defendant General Motors LLC respectfully prays that this Notice of Removal be deemed good and sufficient and that case no. 2015-DCV-3204 be removed from the County Court at Law No. 7 for El Paso County, Texas and placed on the docket of this Court.

Respectfully submitted,

*/s/Michael C. Drew*

MICHAEL C. DREW (La. Bar No. 30884)
Jones Walker LLP
201 St. Charles Avenue, Suite 5100
New Orleans, Louisiana  70170
Telephone:  (504) 582-8318
Facsimile:  (504) 589-8318
E-mail: mdrew@joneswalker.com

LARA D. PRINGLE (Tex. Bar No. 24056164
811 Main Street, Suite 2900
Houston, Texas 77002
Telephone: (713) 437-1831
Facsimile: (713) 437-1924
E-mail: lpringle@joneswalker.com

MATTHEW R. BEATTY (Tex. Bar No. 24001169)
Beatty Bangle Strama PC
400 West 15th Street, Suite 1450
Austin, Texas  78701
Telephone:  (512) 879-5050
Facsimile:  (512) 879-5040
E-Mail:  mbeatty@bbsfirm.com
***Counsel for Defendant General Motors, LLC***

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 5th day of July, 2018 a copy of the foregoing pleading was filed electronically with the Clerk of Court of the Western District of Texas by using the CM/ECF system and that a copy of the foregoing pleading was served upon counsel of record  by U.S. Postal Service First Class Mail, postage prepaid, and by email as follows:

Raymond D. Martinez
Jonathan L.R. Baeza
Martinez & Martinez Law Firm, PLLC
730 E. Yandell Drive
El Paso, Texas  79902
915-541-1000
raymond@martinez-lawyers.com

Richard Bonner
Kemp Smith LLP
221 N. Kansas Street, Suite 1700
El Paso, Texas  79901
915-533-4424
richard.bonner@kempsmith.com

*/s/Michael C. Drew*